# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| PHIL HANSON, ) | |
| ) | Civil Action No.: |
| Plaintiff, ) | |
| v. ) | Jury Trial Demanded |
| ) | |
| USUALLY WRIGHT, LLC d/b/a ) | |
| BULLFROGZ RESTAURANT & ) | |
| BAR, a Georgia Corporation and ) | |
| ROBYN SMITH, an individual, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW Plaintiff Phil Hanson ("Plaintiff") by and through his undersigned counsel, and files this lawsuit against Defendants Usually Wright, Inc. d/b/a BullFrogz Restaurant & Bar ("Defendant BullFrogz") and Robyn Smith ("Defendant Smith") (collectively "Defendants") and in support thereof would further state as follows:

## INTRODUCTION

1. The instant action arises from Defendants' violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended (hereinafter "FLSA").

2. This action is brought to recover unpaid minimum wage owed to Plaintiff.

3. During the employment of Plaintiff, Defendants committed widespread violations of the FLSA by failing to compensate Plaintiff at the legally appropriate minimum wage rate.

4. Plaintiff seeks unpaid minimum wage compensation for work performed, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and 29 U.S.C. § 216(b) (FLSA).

6. Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (a) and (c) because some of the acts complained of occurred within the State of Georgia and the jurisdiction of this Court and because Defendants are subject to personal jurisdiction in this District.

## PARTIES

7. Plaintiff resides in Marietta, Georgia (within this District) and is a citizen of the United States. Plaintiff was employed by Defendants at Defendants'

restaurant as an hourly shuttle bus driver from on or about October 28, 2008 until on or about August 18, 2010.

8.      At all times material to this action, Plaintiff was an "employee" of Defendants defined by § 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States.  Plaintiff is further covered by §§ 203, 206, and 207 of the FLSA for the period in which he was employed by Defendants.

9.      Defendant BullFrogz is a corporation formed under the laws of the State of Georgia and owns and operates a restaurant in Kennesaw, Georgia ("Defendants' Restaurant").

10.     Defendant Smith is an individual owner of Defendant BullFrogz and is listed on the Georgia Secretary of State's web site as the registered agent, CEO and secretary and is a resident of Acworth, Georgia.

11.     Defendants conduct business within this State and District.

12.     Defendants maintained either actual or constructive control, oversight and direction of Defendants' Restaurant, including the employment and pay and other practices of that operation.

13.     Defendant BullFrogz is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, Robyn Smith, 2532 County Line Road, Acworth, Georgia, 30101.

14. Defendant Smith is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served by delivering a copy of the summons and of the complaint to Defendant Smith personally at 2532 Smith, County Line Road, Acworth, Georgia, 30101.

15. At all times material to this action, Defendant BullFrogz was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

16. At all times material to this action, Defendant BullFrogz was an "employer" of Plaintiff as defined by § 203(d) of the FLSA.

17. Upon information and belief, at all times material to this action, Defendant Smith was an "employer" of the Plaintiff and of others similarly situated, as defined by § 203(d) of the FLSA.

18. The minimum hourly wage provisions set forth in § 206 of the FLSA apply to Defendants.

## FACTUAL ALLEGATIONS

19. At all times relevant to this action, it was the policy and/or practice of Defendants to not compensate Plaintiff an hourly wage of at least the minimum wage.

20. During approximately the first year of Plaintiff's employment, Defendants compensated Plaintiff at a rate of $2 per hour plus tips.

21. During approximately the last year of Plaintiff's employment, Defendants compensated Plaintiff at a rate of $3 per hour plus tips.

22. During Plaintiff's entire employment, he worked approximately five shifts per week from approximately 9:00 p.m. until 4:00 a.m.

23. Plaintiff did not receive tips during every shift he worked.

24. When Plaintiff did receive tips, he did not receive enough tips to cover the difference between his hourly wage and the current minimum wage.

25. Defendants failed to meet the requirements for paying Plaintiff an hourly rate less than the rate of the federally mandated minimum wage, exclusive of an additional amount on account of the tips received by Plaintiff.

26. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

27. As a result of Defendant's willful violations of the FLSA, Plaintiff is entitled to liquidated damages.

28. Plaintiff demands a jury trial.

## COUNT I

29. Plaintiff repeats and incorporates by reference paragraphs 1-28 herein.

30. By its actions alleged herein, Defendants willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations.

31. Defendants have willfully, intentionally, and/or recklessly engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay minimum wage compensation to Plaintiff in accordance with §§ 203 and 206 of the FLSA.

32. As a result of Defendants' violations of the FLSA, Plaintiff has suffered damages by failing to receive minimum wage compensation in accordance with §§ 203 and 206 of the FLSA.

33. Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

34. As a result of the unlawful acts of Defendants, Plaintiff has been deprived of minimum wage compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees, costs and other relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A.   That Plaintiff be awarded damages in the amount of his respective unpaid compensation, plus an equal amount of liquidated damages;

B.   That Plaintiff be awarded pre- and post-judgment interest;

C.   That Plaintiff be awarded reasonable attorneys' fees;

D.   That Plaintiff be awarded the costs and expenses of this action; and

E.   That Plaintiff be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which he may be entitled.

Respectfully submitted this 5th day of January, 2011.

MARTIN & MARTIN, LLP

By:   /s/ Kimberly N. Martin
Kimberly N. Martin
kmartin@martinandmartinlaw.com
Georgia Bar No. 473410
Thomas F. Martin
tfmartin@martinandmartinlaw.com
Georgia Bar No. 482595

MARTIN & MARTIN, LLP
Post Office Box 1070
Tucker, Georgia 30085-1070

(404) 313-5538 / (770) 837–2678 Fax